[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the Application to Vacate Arbitration Award filed by American Hardware Mutual Insurance Company. Said application is directed to the written award by a majority of arbitrators pursuant to an uninsured motorist arbitration proceeding. Respondent, who is the claimant, seeks by counterclaim an order confirming the arbitrators' award.
Following the order of this court, the three arbitrators CT Page 195 filed three sets of findings of fact. Paragraphs 1 through 10 inclusive constitute the first set of findings agreed to by all the arbitrators; paragraphs 11 through 15 inclusive constitute the second set of findings agreed to by a majority of the arbitrators; and paragraphs 16 through 25 constitute the third set of findings agreed to by one of the arbitrators.
In addition, the parties stipulate that a copy of the applicable insurance policy is attached to said findings; and further they stipulate that the named insured is "Robert Gargano Inc. DBA Gargano's Sales Service" and that said named insured is a corporation.
Pursuant to the decision of American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 191, this court "must conduct a de novo review of the interpretation and application of the law by the arbitrators"; any statutory interpretation by the arbitrators is a question of law which is subject to de novo review. Trustees of Amalgamated Insurance v. Gelman Industries, 784 F.2d 926, 928-20.
Upon the first and second sets of findings of fact, i.e. paragraphs 1 through 15 inclusive and said stipulations of the parties, the application to vacate said award should be granted and the request to confirm should be denied.
In relevant part said policy includes an endorsement for uninsured motorists insurance which provides:
"A. WORDS AND PHRASES WITH SPECIAL MEANING
 In addition to the WORDS AND PHRASES WITH SPECIAL MEANING in the policy, the following words and phrases have special meaning for UNINSURED MOTORISTS INSURANCE:
 1. `Family member' means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.
 2. `Occupying' means in, upon, getting in, on, out or off. . . ."
"D. WHO IS INSURED
1. You or any family member.
2. Anyone else occupying a covered auto or CT Page 196 a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction. . . ."
This court finds that said quoted language is not ambiguous. The claimant cannot be an insured under D.1. because he is not the named insured and he is not a "family member" of the named insured which is a corporation. The claimant is not an insured under D.2. because he was not "occupying [i.e. in, upon, getting in, on, out or off] a covered auto or [occupying] a temporary substitute for a covered auto."
Said policy endorsement does meet the requirements of 38-175(c) of the General Statutes which requires that an automobile liability policy provide uninsured motorist coverage ". . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. . . ." Had claimant been occupying a covered auto or a temporary substitute auto in accordance with the terms of the policy, he would have been an insured within the meaning of the policy.
Accordingly, the application to vacate the arbitrators' award is granted and claimants request to "enter an order on [his] counterclaim confirming the arbitrators' award" is denied.
RONALD FRACASSE, JUDGE